UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET DALLO,

        Plaintiff,

   v.

HOLLAND AMERICA LINE, et al.,

        Defendants.

C19-865 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The Stipulation of the parties, docket no. 33, to preclude evidence concerning the parties' wealth and financial condition, including the size of Defendants, is GRANTED.

    (2)    Plaintiff's Motion in Limine, docket no. 36, to preclude evidence concerning the absence of similar incidents is DENIED.  *See Forrest v. Beloit Corp.*, 424 F.3d 344, 358 (3rd Cir. 2005); *Stark v. Allis-Chalmers &Nw. Rds., Inc.*, 2 Wn. App. 399, 406 (1970).

    (3)    Defendants' Motion in Limine No. 1, docket no. 34, to exclude the expert testimony of Dr. Cary Alberstone as it relates to the reasonableness of Plaintiff's medical bills is DEFERRED to the pretrial conference.  Plaintiff's objections based on the untimeliness of the motion is DENIED.  The parties shall be prepared to identify the underlying facts in the record supporting the doctor's testimony relating to the reasonableness of medical charges.

    (4)    Defendants' Motion in Limine No. 2, docket no. 35, to exclude the December 19, 2019, expert report and testimony of Joellen Gill is DEFERRED to the

MINUTE ORDER - 1

pretrial conference. Plaintiff's objections based on the untimeliness of the motion is DENIED. The Court will rule on the merits of the motion after further briefing. Plaintiff is directed to file a supplemental brief by noon on Thursday, September 17, 2020, not to exceed 10 pages addressing the admissibility of the opinions stated in the Gill report, docket no. 40-1. *See* Fed. R. Evid. 702; *Wells v. Kawasaki Motors Corp.*, *U.S.A.*, 2019 WL 5842921, at *3–4 (D. Utah Nov. 7, 2019).

(5) Defendants' Motion in Limine No. 3, docket no. 38, to exclude evidence of the full amount of medical expenses billed is DENIED. The collateral source rule allows the plaintiff to present evidence of the full amount of the amounts billed if there is evidence of the reasonableness of the bills. *See Hayes v. Wieber Enters., Inc.*, 105 Wn. App. 611, 616 (2001); *Gypsum Carriers Inc. v. Handelsman*, 307 F.2d 525, 534–35 (9th Cir. 1962); *see also Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1313–14 (11th Cir. 2020) (in determining the reasonable value of medical services received by a plaintiff, the jury may consider "all relevant evidence, notably including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer").

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of September, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2