UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET DALLO, <br><br> Plaintiff, <br><br> v. <br><br> HOLLAND AMERICA LINE, N.V., LLC, <br><br> Defendant. | C19-865 TSZ <br><br> ORDER FOR REMOTE / VIRTUAL CIVIL JURY TRIAL |

The Court ORDERS that the jury trial scheduled to commence on September 29, 2020, at 9:00 a.m., be conducted using the following procedures and protocols.

**A.** **Remote / Virtual Trial Format**

1. The entire trial, with the possible exception of jury deliberations, will take place using the ZoomGov.com platform. The parties, counsel, witnesses, jurors, and court staff will not be physically present in the courtroom.

2. The public will have telephonic access via a number published on the Court's trial calendar. Members of the public shall not record any portion of the proceedings in any manner.

B. **Preparation**

1. Counsel shall familiarize themselves with the ZoomGov.com and Box.com platforms by reviewing the King County Superior Court CLE program on conducting remote trials (modified for federal court) and tutorials located at https://www.youtube.com/playlist?list=PLQQODreSvdKHWF4JsOIQp8zMJMt9ulM-2.

2. Counsel shall ensure that they and each of their witnesses have the hardware, software, data bandwidth, and Internet access required to participate remotely. The minimum system requirements are posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

3. Counsel shall also ensure that they have one or more alternative means of communicating with their clients and witnesses, as well as with the Court, outside the ZoomGov.com platform (*e.g.*, via cellular phone or email).

4. Counsel shall consider establishing a high-speed Internet connection (a hard-wired connection is generally preferable to a wireless Internet connection), and shall take steps to limit Internet usage by others during the proceedings if such usage might impact a participant's connection speed.

C. **Recording**

1. The Court will provide a court reporter for the trial. No portion of the trial shall be recorded or broadcast, in whole or in part, in any fashion by any participant (attorney, party, witness, or juror) or public observer.

ORDER FOR REMOTE / VIRTUAL CIVIL JURY TRIAL - 2

2. The prohibition on recording includes any audio or video recording, photographs, and/or screenshots. The parties and counsel shall ensure that each trial participant for which they are responsible acknowledges and agrees to the prohibition on recording.

D. **Witnesses and Participants**

1. Counsel shall provide, via email to the Court's law clerk, the following information for each party, attorney, paralegal, legal assistant, trial or technical consultant, and witness who will participate remotely:

   - Name and Zoom identity
   - Email address
   - Phone number
   - Participant status (*e.g.*, party, attorney, witness, etc.)

2. Prior to trial, the Court's law clerk will supply to counsel the links for the ZoomGov.com sessions. Counsel shall forward the links to other participants, including witnesses, as appropriate.

3. After using the link to access the ZoomGov.com session, participants will enter a virtual waiting room. They will be admitted from the virtual waiting room into the virtual courtroom when appropriate. Counsel are responsible for notifying witnesses when and how they are expected to report to the virtual waiting room.

4. Participants who will not be examining witnesses, testifying, or otherwise presenting matters during the proceedings (*e.g.*, paralegals, legal assistants,

and trial or technical consultants) shall use the ZoomGov.com platform controls to mute their microphones and deactivate their cameras.

### E. Exhibits

1. Exhibits shall be numbered in advance of trial in accordance with the protocol set forth in the Minute Order Setting Trial and Related Dates, docket no. 17.

2. All exhibits shall be uploaded by counsel to the "Box.com" platform via one or more links that the Court's law clerk will provide via email prior to the trial date.

3. Exhibits as to which admissibility has been stipulated shall be uploaded to the Box.com folder labeled "Admitted Exhibits." Exhibits as to which admissibility is disputed shall be uploaded to the respective Box.com folders labeled "Plaintiff's Proposed Exhibits" and "Defendant's Proposed Exhibits." At the end of each trial day, the Court's law clerk and counsel will confer, and the Court's law clerk will transfer into the "Admitted Exhibits" folder any exhibits in the folders for "Plaintiff's Proposed Exhibits" and "Defendant's Proposed Exhibits" that have been offered and admitted into evidence.

4. After the close of evidence and before the jury begins deliberating, the Court's law clerk and counsel will confer to confirm that the "Admitted Exhibits" folder accurately reflects the evidence admitted during the course

of trial. During their deliberations, the jurors will be provided access to the Box.com folder for "Admitted Exhibits."

5. Hard copies of all exhibits shall be delivered to the Court's courtroom deputy clerk, Gail Glass, at 700 Stewart Street, Seattle, WA 98101, at least two (2) judicial days before the first day of trial. These exhibits shall be bound in one or more three-ring notebooks and appropriately tabbed by exhibit number. While testifying, each witness shall have available a copy of any exhibit that he or she will be expected to use or examine during the trial. The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel. With regard to exhibits as to which admissibility is disputed, the Court will conduct proceedings outside the presence of the jury during which counsel may present arguments and, if necessary, voir dire witnesses, using the screen-sharing function in ZoomGov.com to display the exhibits at issue from the respective Box.com folders. To the extent possible, the Court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.

6. The parties shall comply with Local Civil Rule 32(e) concerning the use of depositions at trial. Video depositions that are used as substantive evidence shall be broadcast via ZoomGov.com using the screen-sharing function. Counsel may, but are not required to, upload video depositions to their respective Box.com folders, but the recordings will not be transferred to the

"Admitted Exhibits" folder. Transcripts of depositions used during the trial for impeachment or as substantive evidence need not be sealed prior to their use. Counsel may either show the portion of the transcript at issue to the witness using the screen-sharing function in ZoomGov.com or transmit the entire transcript to the witness via mail, email, or otherwise in advance of his or her testimony.

7. If a program or platform other than Box.com will be used to publish exhibits to the jury, then counsel shall file, prior to the first day of trial, a certification signed under penalty of perjury indicating that the exhibits to be displayed to the jury using the other program or platform are identical to the exhibits uploaded into the folders on Box.com.

**F.     Professionalism During the Trial**

   **1.     Ambient Noise Protocols**

   a. All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall use the ZoomGov.com platform controls to mute their microphones. The Court's law clerk, who will "host" the ZoomGov.com sessions, will mute any participant who fails to follow this protocol.

      b.      Participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

2. **Courtesy and Decorum:**  To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.  They should avoid interrupting someone who is speaking, except as necessary to raise an objection.  Virtual trial participants should silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications, and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings.  The Court understands that conducting trial virtually, from one's home, for example, presents many challenges.  The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

3. **Objections:**  When an objection is made, the witness shall stop talking until the Court rules on the objection.  If the objection requires a discussion outside the presence of the jury, the jurors will be placed in the virtual jury room.

4. **Disconnection:**  In the event that the Court, a party, an attorney of record, a witness, a juror, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection

is reestablished. If the participant has difficulty reconnecting, he or she should call or text Gail Glass at (206) 290-5147. In advance of calling a witness to the virtual stand, counsel must establish with the witness a protocol for contacting the witness in the event of disconnection and ensure that the alternative means of communication (*e.g.*, a cellular phone) is operational.

5. **Appropriate Dress:** Parties, witnesses, and counsel shall dress in the same manner as they would if they physically appeared in a courtroom.

6. **Screen Names:** Remote participants should endeavor to use a screen name in the ZoomGov.com platform that indicates their actual first and last names. As "host," the Court's law clerk will rename any participant whose screen name is incomplete, confusing, unprofessional, or otherwise improper.

**IT IS SO ORDERED.**

The Clerk is directed to send copies of this Order to all counsel of record.

DATED this 16th day of September, 2020.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge