Honorable Thomas S. Zilly

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MARGARET DALLO,

9
            Plaintiff,

NO.  2:19-cv-00865-TSZ

10
      v.

PRE-TRIAL ORDER

11

12
HOLLAND AMERICA LINE N.V., LLC, a
Curacao corporation,

13
            Defendant.

14

## JURISDICTION

15      Jurisdiction is vested in this court under the contractual forum selection clause contained

16 within Defendants' cruise contract; and by virtue of diversity of citizenship 28 U.S.C. § 1332.

17

## CLAIMS AND DEFENSES

18 **1.      Claims:**

19      Plaintiff will pursue at trial the following claims: Defendants owed Plaintiff a duty to

20 exercise reasonable care under the circumstances. This duty included (a) a duty to warn

21 passengers of an unreasonably dangerous condition of which they were actually or constructively

22 aware, (b) a duty to properly maintain the vessel in a reasonably safe condition, and (c) a duty to

23 exercise reasonable care for the safety of its passengers on their ship.

Pre-Trial Order – Page 1
*Dallo  v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ˢᵀ Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

Defendants knew or reasonably should have known about the unreasonably dangerous condition posed by the placement of the door and the lack of warning to passengers when the door was opening.

The unreasonably dangerous condition posed by the door was not apparent, open, or obvious to Plaintiff.

It is reasonably foreseeable that a door of this kind could cause injury to passengers walking by if opened without due caution.

Defendants breached their duty of reasonable care by, *inter alia*, failing to warn Plaintiff of the unreasonably dangerous condition posed by the door, failing to open the door with due care and caution, and failing to implement and follow appropriate safety precautions that could have prevented this incident.

**2.**      **Defenses:**

Defendants intend to pursue the following affirmative defenses and/or claims for relief at trial:

Defendants assert Plaintiff cannot prove her negligence claim.

Plaintiff's alleged accident, injuries, losses or damages were partially or wholly caused or contributed to by Plaintiff's own carelessness and negligence.

Plaintiff's alleged accident, injuries, losses or damages were aggravated by Plaintiff's failure to exercise reasonable diligence to mitigate her accident or injuries.

Pre-Trial Order – Page 2
*Dallo  v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1    Plaintiff had injuries and conditions which pre-existed the subject incident.

2    Plaintiff's alleged injuries, losses and/or damages, if any, were and are the result of an

3    open, obvious, and apparent "danger" that was known to and recognized by Plaintiff but who

4    nevertheless knowingly, willingly, intentionally, and voluntarily exposed herself to said danger,

5    thereby assuming the risk of accident, injury, and damage.

6    Defendants had no actual or constructive notice that the subject door was a dangerous

7    condition.

8    Defendants did not breach their duty to exercise reasonable care for the safety of their

9    passengers on their ship.

10                                **ADMITTED FACTS**

11    The following facts are admitted by the parties:

12    1.    On November 26, 2018, Holland America Line N.V. was the operator of the MS

13    EURODAM;

14    2.    If there was any negligence by the Holland America Line or its agents or

15    employees, including but not limited to Stefan Milic, the parties agree that Holland America Line

16    N.V. is the company responsible.

17    3.    The subject cruise began in the port of San Diego, CA on November 11, 2018, and

18    was scheduled for an 18-day round trip voyage to Hawaii and back;

19    4.    Ms. Dallo and two of her daughters were assigned to Stateroom No. 7002,

20    Rotterdam Deck, during her cruise aboard the MS EURODAM;

21    5.    Ms. Dallo's accident occurred on November 26, 2018, which was the 15th day of

22    her cruise;

23

Pre-Trial Order – Page 3
*Dallo v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

6.      Stefan Milic was working at "The Shops" on board the MS EURODAM on November 26, 2018;

7.      On November 26, 2018 Mr. Milic opened a door from a crew assembly area outward into the hallway where Plaintiff was walking;

8.      Mr. Milic contacted the Plaintiff with the door when he opened it;

9.      Ms. Dallo fell when the door contacted her; and

10.     Ms. Dallo developed bilateral subdural hematomas which required surgery and other medical care after this incident occurred.

## ISSUES OF LAW

The following are the issues of law determined by the Court:

1.      Defendant's Motion in Limine No. 1, docket no. 34, is DENIED in part as to excluding plaintiff's expert Dr. Cary Albertson as unqualified to testify concerning the reasonableness of plaintiff's medical bills, and otherwise DEFERRED to trial.

2.      Defendant's Motion in Limine No. 2, docket no. 35, is DENIED in part as to excluding plaintiff's expert Joellen Gill as unqualified to testify, and otherwise DEFERRED to trial.

## EXPERT WITNESSES

1.      Each party shall be limited to one (1) expert witness on any issue.

2.      The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

**(1)     On behalf of Plaintiff:**

A.      Cary D. Alberstone, MD, FACS – will testify live, or via videoconference, 1700 North Rose Avenue, Suite 250, Oxnard, CA 93030, (805) 983-1700.   Dr. Alberstone is a medical doctor who specializes in brain and spinal surgery who will be called to testify regarding the injuries received by Ms. Dallo and the resultant

Pre-Trial Order – Page 4
*Dallo v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

treatment. He will also testify that Plaintiff's medical bills presented to the jury are reasonable, necessary, and related to the subject incident.

B.   Joellen Gill – will testify live, or via videoconference, Applied Cognitive Sciences, 10501 South Lambs Lane, Mica, WA 99023, (509) 624-3714.  Ms. Gill is a human factors engineering consultant who is board certified in professional ergonomics who will be called to testify human factor considerations consistent with her report previously disclosed.

C.   Ziad Allos, MD – will testify live, or via videoconference, or via videotaped deposition, Scripps Health, 10862 Calle Verde, La Mesa, CA 91941, (619) 660-1822.  Dr. Allos is Plaintiff's primary care physician. He is a non-retained hybrid expert. He has knowledge of the facts related to Plaintiff's injuries and her physical condition both before and after the injury and will offer opinions consistent with his testimony at his deposition.

**(2)   On behalf of Defendants:**

A.   Chitra Venkatasubramanian, M.B.B.S, M.D, MSc., FNCS; Stanford Stroke Center at 780 Welch Road, Suite 350, Palo Alto, CA 94303.  Dr. Venkatasubramanian is a clinical professor of neurology and neurosurgery at Stanford University Medical Center.  She is a board certified physician in neurology, vascular neurology and neurocritical care.  She will testify regarding the injuries sustained by Ms. Dallo; Ms. Dallo's pre-existing conditions and medical history; treatment of the alleged injuries and pre-existing conditions; explanation of Ms. Dallo's cognitive, physical and psychiatric complaints; pre- post – accident disability, if any; and the appropriateness of medical treatment to date and future treatment, if any, consistent with her report.  Dr. Venkatasubramanian will testify remotely.

B.   Isaac N. Ikram, M.Sc.; Biomechanical Research & Testing, LLC at 2201 North Lakewood Boulevard, Ste.1865, Long Beach, CA 90815.  Mr. Ikram is a biomechanical engineer and professional mechanical engineer.  He will testify regarding his investigation and testing conducted of the alleged accident area, the biomechanics of Ms. Dallo's fall, the visual cues present to identify the presence of the subject door at the accident location, the adequacy of the width of the hallway where the subject accident occurred to allow pedestrian travel without passing through the subject door's swing path, as well as his resultant findings and opinions, consistent with his report. Mr. Ikram will testify remotely.

C.   Larry R. Greif, Naval Architect; Marine Engineer, LLC, 1140 Bridgeview Lane, Summerton, SC 29148.  Mr. Greif is a naval architect and former Engineering Officer and Coast Guard Marine Inspector.  He will testify regarding his opinions as to the safe design and construction of the MS EURODAM and the subject door, and safety standards that apply to cruise ships, such as the MS EURODAM, consistent with his report. Mr. Greif will testify remotely.

D.   Dr. Wayne Anderson, 742 Via Monte Video St., Claremont, CA 91711-1567. Dr. Anderson is Ms. Dallo's former primary care physician.  He is a non-retained

Pre-Trial Order – Page 5
*Dallo  v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

hybrid expert. He has knowledge of Ms. Dallo's physical, cognitive and psychiatric conditions prior to the subject accident. Dr. Anderson's testimony will be offered via deposition transcript.

E.  Dr. Ziad Allos, Scripps Health,10862 Calle Verde, La Mesa, CA 91941. Dr. Allos is Ms. Dallo's primary care physician. He is a non-retained hybrid expert. He has knowledge of Ms. Dallo's physical, cognitive and psychiatric conditions prior to and subsequent to the subject accident. Dr. Allos' testimony will be offered via deposition transcript.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**(1)   On behalf of Plaintiff:**

A.  Margaret Dallo – will testify live, or via videoconference, c/o FRIEDMAN │ RUBIN, 1109 – 1ˢᵗ Avenue, Suite 501, Seattle, WA 98101, (206) 501-4446. Ms. Dallo is the plaintiff in this matter. She will be called to testify regarding the nature of her injuries, the circumstances and cause of her injuries, and the impact of injuries to the quality of her life.

B.  Jacklen Michail – will testify live, or via videoconference, 3133 Jamacha View Drive, El Cajon, CA, (619) 733-6621. Ms. Michail is Plaintiff's daughter and was present when Plaintiff was injured. She has knowledge of the facts related to Plaintiff's injuries and her physical condition prior to and since the injury. She also has knowledge of the facts related to Plaintiff's damages resulting from the injuries.

C.  Layla Konja (deceased) – will testify via videotaped deposition. Ms. Konja was Plaintiff's daughter and was present when Plaintiff was injured. She had knowledge of the facts related to Plaintiff's injuries and her physical condition prior to and since the injury. She also had knowledge of the facts related to Plaintiff's damages resulting from the injuries.

D.  Michael Dallo, Sr. – will testify live, or via videoconference, 3589 Babel Drive, Jamul, CA, (619) 301-9601. Mr. Dallo is Plaintiff's son. He has knowledge of facts related to Plaintiff's injuries and her physical condition prior to and since the injury. He also has knowledge of facts related to Plaintiff's damages resulting from the injuries.

E.  Mona Dallo – will testify live, or via videoconference, 3589 Babel Drive, Jamul, CA, (619) 756-3216. Ms. Dallo is Plaintiff's daughter-in-law. She has knowledge of facts related to Plaintiff's injuries and her physical condition prior to and since the injury. She also has knowledge of facts related to Plaintiff's damages resulting from the injuries.

Pre-Trial Order – Page 6
*Dallo  v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN │ RUBIN
1109 – 1ˢᵗ Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

F.   Mary Kalil – will testify live, or via videoconference, 3582 Tamra Court, Jamul, CA, (619) 251-2670. Ms. Kalil is Plaintiff's granddaughter. She has knowledge of facts related to Plaintiff's injuries and her physical condition prior to and since the injury. She also has knowledge of facts related to Plaintiff's damages resulting from the injuries.

G.   Irma Velasco – will testify live, or via videoconference, or via videotaped deposition, 3890 Sipes Lane #46, San Ysidro, CA, (619) 717-9085. Ms. Velasco is Plaintiff's housekeeper and friend. She has knowledge of facts related to Plaintiff's injuries and her physical condition prior to and since the injury. She also has knowledge of facts related to Plaintiff's damages resulting from the injuries.

H.   Kelly Coyne – will testify live, or via videoconference, 3125 Jamacha View Drive, El Cajon, CA 92019-5143. Mr. Coyne is Plaintiff's neighbor and friend. He has knowledge of facts related to Plaintiff's injuries and her physical condition prior to and since the injury. He also has knowledge of facts related to Plaintiff's damages resulting from the injuries.

I.   Mark A. Aguirre – will testify live, or via videoconference, or via videotaped deposition, c/o Holland America. Mr. Aguirre is an officer, director, managing agent, or other person who will testify regarding matters requested by way of Notice of 30(b)(6) Deposition to HAL dated June 15, 2020.

J.   James Colwell– will testify live, or via videoconference, c/o Holland America. Mr. Colwell is an officer, director, managing agent, or other person who will testify regarding matters requested by way of Notice of 30(b)(6) Deposition to HAL dated June 17, 2020.

**(2)   On behalf of Defendants:**

A.   James Colwell, Claims Manager, Holland America Line, 450 3rd Ave W., Seattle, WA 98119. Mr. Colwell is the Claims Manager for Holland America. He will testify regarding general matters with respect to Holland America Line, the MS EURODAM, the passenger ticket contract, knowledge of the subject accident and prior similar accidents, reimbursement of medical expenses, and topics identified in the 30(b) (6) deposition notice. Mr. Colwell will testify remotely.

B.   Mark Aguirre, Security Officer, Holland America Line, Biñan, Laguna, Philippines. Mr. Aguirre will testify regarding general security matters with respect to Holland America Line and the MS EURODAM, his investigation of the subject accident and prior similar accidents, and topics identified in the 30(b) (6) deposition notice. Mr. Aguirre will testify remotely or by way of videotaped deposition.

C.   Layla Konja, 1466 Burris Drive, El Cajon, CA. Ms. Konja is plaintiff's daughter and witness to the subject accident. She will be called on to describe the subject accident and Ms. Dallo's physical condition prior to and subsequent to the subject accident. Ms. Konja will testify by way of videotaped deposition.

Pre-Trial Order – Page 7
*Dallo  v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

D.    Michael Dallo, Sr., 3589 Babel Drive, Jamul, CA.  Mr. Dallo is plaintiff's son.  He will be called on to describe Ms. Dallo's physical condition prior to and subsequent to the subject accident.   Mr. Dallo will likely testify by way of videotaped deposition.

E.    Mona Dallo, 3589 Babel Drive, Jamul, CA.  Ms. Dallo is plaintiff's daughter-in-law.  She will be called on to describe Ms. Dallo's physical condition prior to and subsequent to the subject accident. Ms. Dallo will likely testify by way of videotaped deposition.

F.    Jacklen Michail, 3133 Jamacha View Drive, El Cajon, CA.  Ms. Michail is plaintiff's daughter and witness to the subject accident.  She will be called on to describe the subject accident and Ms. Dallo's physical condition prior to and subsequent to the subject accident. Ms. Michail will likely testify by way of videotaped deposition.

G.    Margaret Dallo, c/o FRIEDMAN RUBIN, 1109 – 1st Avenue, Suite 501, Seattle, WA 98101.  Ms. Dallo is the plaintiff in this matter.  She will be called on to describe the subject accident, her awareness of the subject door, her physical, mental and cognitive condition prior to and subsequent to the subject accident and her claimed damages. Mrs. Dallo will testify remotely.

## EXHIBITS

Identify each exhibit with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag with the following information in table format:

The Parties will lodge the marked deposition transcripts they intend to offer in accordance with the Local Court Rules and any pretrial orders issued by Judge Zilly.

The Parties' Objection Code:

| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
| F | Lack of Foundation |
| MIL | Subject of Motion in Limine |

In the Authenticity and Admissibility columns, indicate "Stipulated" or "Disputed." If "Disputed," identify the objection in the Objection column. An objection based on a Fed. R. Evid. should reference the rule number; additional objections should be referenced by a code that the parties include with the exhibit list. The "Admitted" column is for use by the Court.

Pre-Trial Order – Page 8
*Dallo  v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 1 | Demonstrative 1 | x | | | | | |
| 2 | Demonstrative 2 | x | | | | | |
| 3 | Eurodam Deck Plans and Staterooms | | X | | | | |
| 4 | HAL - 0001-0013 - Cruise Contract | | X | | | | |
| 5 | HAL 0041 | | X | | | | |
| 6 | HAL 0014-0022 - *ms Eurodam* Case Summary | | X | | | | |
| 7 | HAL 0026-0027 - *ms Eurodam* Patient Registration form | | X | | | | |
| 8 | HAL 0028 - *ms Eurodam* Medical First Responder Record | | X | | | | |
| 9 | HAL 0031-0035 - Guest Accident Injury Notice Form | | X | | | | |
| 10 | HAL 0042-0044 - *ms Eurodam* Detail Invoice | | X | | | | |
| 11 | HAL 0046-0047 - HAL Security Officer Injury Investigation Report | | X | | | | |
| 12 | HAL 0048 - HAL Guest Injury Accident Report | | X | | | | |
| 13 | HAL 0049-0050 - MS Eurodam Crewmember Statement | | x | | | | |
| 14 | HAL 0051 - HAL Photo of Door Interior | | X | | | | |
| 15 | HAL 0052 - HAL Photo of Door Handle | | X | | | | |
| 16 | HAL 0053 - HAL Photo of Door Exterior | | X | | | | |
| 17 | HAL 0054 - HAL Photo of Door and Hallway | | X | | | | |
| 18 | Exhibit 1 from Dep of Michail | | X | | | | |
| 19 | Exhibit 4 from Dep of Konja | | X | | | | |
| 20 | PDF of Slides from ORIGINAL IMAGING – 001-002 | | X | | | | |
| 21 | EXP GILL - 012 [video] | | X | | | | |

Pre-Trial Order – Page 9
*Dallo  v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 22 | EXP GILL - 014 | | X | | | | |
| 23 | EXP GILL - 038 | | X | | | | |
| 24 | EXP GILL - 046 | | X | | | | |
| 25 | HAL 0057 - Sub Rosa Surveillance [video] | | | x | | Foundation | |
| 26 | Plaintiff's First Set of Requests for Admission Propounded to Defendants and Responses and Objections Thereto | | x | | | | |
| 27 | Rule 1006 Medical Specials Summary | | | | | MIL | |
| 28 | PHOTOS - 029 | | x | | | | |
| 29 | PHOTOS - 038 | | x | | | | |
| 30 | PHOTOS - 035 | | x | | | | |
| 31 | PHOTOS - 032 | | x | | | | |
| 32 | PHOTOS - 037 | | x | | | | |
| 33 | PHOTOS - 030 | | x | | | | |
| 34 | PHOTOS - 058 | | x | | | | |
| 35 | PHOTOS - 059 | | x | | | | |
| 36 | PHOTOS - 070 | | x | | | | |
| 37 | PHOTOS - 158 | | x | | | | |
| 38 | PHOTOS - 157 | | x | | | | |
| 39 | PHOTOS - 159 | | x | | | | |
| 40 | PHOTOS - 109 | | x | | | | |
| 41 | PHOTOS - 066 | | x | | | | |
| 42 | PHOTOS - 071 | | x | | | | |
| 43 | PHOTOS - 123 | | x | | | | |
| 44 | PHOTOS - 122 | | x | | | | |
| 45 | PHOTOS - 148 | | x | | | | |

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 46 | PHOTOS - 075 | | x | | | | |
| 47 | PHOTOS - 115 | | x | | | | |
| 48 | PHOTOS - 145 | | x | | | | |
| 49 | PHOTOS - 150 | | x | | | | |
| 50 | PHOTOS - 027 | | x | | | | |
| 51 | PHOTOS - 056 | | x | | | | |
| 52 | PHOTOS - 097 | | x | | | | |
| 53 | PHOTOS - 022 | | x | | | | |
| 54 | PHOTOS - 114 | | x | | | | |
| 55 | PHOTOS - 098 | | x | | | | |
| 56 | PHOTOS - 125 | | x | | | | |
| 57 | PHOTOS - 024 | | x | | | | |
| 58 | PHOTOS - 117 | | x | | | | |
| 59 | PHOTOS - 153 | | x | | | | |
| 60 | PHOTOS - 084 | | x | | | | |
| 61 | PHOTOS - 127 | | x | | | | |
| 62 | PHOTOS - 111 | | x | | | | |
| 63 | PHOTOS - 080 | | x | | | | |
| 64 | PHOTOS - 120 | | x | | | | |
| 65 | PHOTOS - 128 | | x | | | | |
| 66 | PHOTOS - 116 | | x | | | | |
| 67 | PHOTOS - 138 | | x | | | | |
| 68 | PHOTOS - 077 | | x | | | | |
| 69 | PHOTOS - 081 | | x | | | | |
| 70 | PHOTOS - 083 | | x | | | | |

Pre-Trial Order – Page 11
*Dallo  v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ˢᵀ AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 71 | PHOTOS - 085 | | x | | | | |
| 72 | PHOTOS - 090 | | x | | | | |
| 73 | PHOTOS - 091 | | x | | | | |
| 74 | PHOTOS - 095 | | x | | | | |
| 75 | PHOTOS - 099 | | x | | | | |
| 76 | PHOTOS - 100 | | x | | | | |
| 77 | VIDEO - 002 | | x | | | | |
| 78 | PHOTOS - 092 | | x | | | | |
| 79 | VIDEO - 006 | | x | | | | |
| 80 | PHOTOS - 101 | | x | | | | |
| 81 | PHOTOS - 137 | | x | | | | |
| 82 | PHOTOS - 087 | | x | | | | |
| 83 | VIDEO - 003 | | x | | | | |
| 84 | VIDEO - 004 | | x | | | | |
| 85 | PHOTOS - 108 | | x | | | | |
| 86 | PHOTOS - 103 | | x | | | | |
| 87 | PHOTOS - 104 | | x | | | | |
| 88 | PHOTOS - 076 | | x | | | | |
| 89 | PHOTOS - 105 | | x | | | | |
| 90 | EXP ALBERSTONE – 001-028;  040-044; 047 (REPORTS) | | | x | | | |
| 91 | EXP ALBERSTONE -030-036 (CV) | | | x | | | |
| 92 | EXP GILL – 001-010; 093-096 (REPORTS) | | | x | | | |
| 93 | EXP GILL – 080-083 (CV) | | | x | | | |

Pre-Trial Order – Page 12
*Dallo  v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

With regard to Defendants' Exhibit Nos. 236-342 these are medical records which the parties do not anticipate using in their case in chief, but rather for impeachment purposes. Due to the trial being remote, and to avoid unnecessary delay or confusion, Defendants are including these exhibits for identification purposes.

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 200. | Diagram of Service & Crew Areas, Deck 3 MS EURODAM | | x | | | | |
| 201. | Plaintiff's Responses to HAL's First Set of Interrogatories – September 16, 2019 | | | x | | | |
| 202. | Exhibit 2 from J. Michail deposition | | x | | | | |
| 203. | February 5, 2020 Report from Larry R. Greif | | | x | | | |
| 204. | Larry R. Greif's CV | | | x | | | |
| 205. | Passenger Ship Safety Certificate dated June 9, 2018 | | | x | | 401 - 403 | |
| 206. | Passenger Ship Safety Certificate dated April 1, 2020 | | | x | | 401 - 403 | |
| 207. | February 19, 2020 report from Chitra Venkatasubramanian, M.B.B.S, M.D, MSc. | | | x | | | |
| 208. | CV of Chitra Venkatasubramanian, M.B.B.S, M.D, MSc. | | | x | | | |
| 209. | March 5, 2020 Report from Isaac Ikram with CV | | | x | | | |
| 210. | Ikram's photo Figure 1.PNG from 9/21/19 inspection | | x | | | | |
| 211. | Ikram's photo Figure 2.PNG from 9/21/19 inspection | | x | | | | |

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 212. | Ikram's photo DSC_4797 from 9/21/19 inspection | | x | | | | |
| 213. | Ikram's photo DSC_4775 from 9/21/19 inspection | | x | | | | |
| 214. | Ikram's photo DSC_4770 from 9/21/19 inspection | | X | | | | |
| 215. | Ikram's photo DSC_4767 from 9/21/19 inspection | | X | | | | |
| 216. | Ikram's photo DSC_4774 from 9/21/19 inspection | | X | | | | |
| 217. | Ikram's photo DSC_4768 from 9/21/19 inspection | | X | | | | |
| 218. | Ikram's photo DSC_4769 from 9/21/19 inspection | | X | | | | |
| 219. | Ikram's photo DSC_4764 from 9/21/19 inspection | | X | | | | |
| 220. | Ikram's photo DSC_4643 from 9/21/19 inspection | | X | | | | |
| 221. | Ikram's photo DSC_4657 from 9/21/19 inspection | | x | | | | |
| 222. | Ikram's photo DSC_4645 from 9/21/19 inspection | | X | | | | |
| 223. | Ikram's photo DSC_4685 from 9/21/19 inspection | | X | | | | |
| 224. | Ikram's photo DSC_4660 from 9/21/19 inspection | | X | | | | |
| 225. | Ikram's photo DSC_4799 from 9/21/19 inspection | | X | | | | |
| 226. | Ikram's video 0007 from 9/21/19 inspection | | X | | | | |
| 227. | Ikram's video 0008 from 9/21/19 inspection | | X | | | | |
| 228. | Ikram's video 0009 from 9/21/19 inspection | | X | | | | |
| 229. | Ikram Plan View of Hallway Top 1 | x | | | | | |
| 230. | Ikram Plan View of Hallway Top 2 | x | | | | | |
| 231. | Ikram Plan View of Hallway Top 3 | x | | | | | |

Pre-Trial Order – Page 14
*Dallo  v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 232. | Ikram Plan View of Hallway Top 1 annotations | x | | | | | |
| 233. | Ikram Plan View of Hallway Top 2 annotations | x | | | | | |
| 234. | Ikram Plan View of Hallway Top 3 annotations | x | | | | | |
| 235. | Illustration of the subdural space and subdural hematoma | | x | | | | |
| 236. | February 4, 2009 report of Dr. Wayne Anderson | | | x | | | |
| 237. | April 1, 2009 report of Dr. John Saad | | | X | | | |
| 238. | June 9, 2009 report of Dr. Wayne Anderson | | | X | | | |
| 239. | February 3, 2010 report of Dr. Wayne Anderson | | | X | | | |
| 240. | May 5, 2010 report of Dr. Wayne Anderson | | | X | | | |
| 241. | July 30, 2010 report of Dr. Wayne Anderson | | | X | | | |
| 242. | October 4, 2010 report of Dr. Emily Engel | | | X | | | |
| 243. | March 22, 2011 report of Dr. Wayne Anderson | | | X | | | |
| 244. | July 6, 2011 report of Dr. Wayne Anderson | | | X | | | |
| 245. | November 23, 2011 report of Dr. Wayne Anderson | | | X | | | |
| 246. | November 23, 2011 right knee x-ray report | | | X | | | |
| 247. | February 25, 2012 report of Dr. Steven Copp | | | X | | | |
| 248. | February 28, 2012 bone scan report | | | X | | | |
| 249. | March 20, 2012 report of Dr. Steven Copp | | | X | | | |
| 250. | July 3, 2012 report of Dr. Erick Huang | | | X | | | |
| 251. | July 11, 2012 report of Dr. Wayne Anderson | | | X | | | |

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 252. | September 12, 2012 report of Dr. Michael Magpile | | | X | | | |
| 253. | January 23, 2013 report of Dr. Wayne Anderson | | | X | | | |
| 254. | March 11, 2013 report of Dr. Wayne Anderson | | | X | | | |
| 255. | March 11, 2013 right knee x-ray report | | | X | | | |
| 256. | March 21, 2013 report of Dr. Samir Damani | | | X | | | |
| 257. | August 16, 2013 report of Dr. Wayne Anderson | | | X | | | |
| 258. | August 16, 2013 cervical spine x-ray report | | | X | | | |
| 259. | December 10, 2013 report of Dr. Perminder Parmar | | | X | | | |
| 260. | December 14, 2013 CT sinus report | | | X | | | |
| 261. | January 14, 2014 report of Dr. Perminder Parmar | | | X | | | |
| 262. | February 13, 2014 report of Dr. Tawny Thanh-Ngoc | | | X | | | |
| 263. | February 26, 2014 report of Dr. Michael Magpile | | | X | | | |
| 264. | March 7, 2014 report of Dr. Wayne Anderson | | | X | | | |
| 265. | April 14, 2014 report of Dr. Tawny Thanh-Ngoc | | | X | | | |
| 266. | April 16, 2014 report of Dr. Wayne Anderson | | | X | | | |
| 267. | July 21, 2014 ambulance report | | | X | | | |
| 268. | July 21, 2014 CT head report | | | X | | | |
| 269. | July 21, 2014 report of Dr. Martin Griglak | | | X | | | |
| 270. | July 23, 2014 report of Dr. Wayne Anderson | | | X | | | |
| 271. | October 25, 2014 report of Dr. Wayne Anderson | | | X | | | |

Pre-Trial Order – Page 16
*Dallo v. HAL, et al.*, Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 272. | November 13, 2014 report of Dr. Ziad Allos | | | X | | | |
| 273. | November 13, 2014 left shoulder x-ray report | | | X | | | |
| 274. | December 2, 2014 report of Ziad Allos | | | X | | | |
| 275. | January 15, 2016 report of Dr. Wayne Anderson | | | X | | | |
| 276. | March 14, 2016 report of Dr. Wayne Anderson | | | X | | | |
| 277. | April 7, 2016 report of Dr. Shirley Yee | | | X | | | |
| 278. | May 28, 2016 report of Dr. Wayne Anderson | | | X | | | |
| 279. | October 3, 2016 report of Dr. Wayne Anderson | | | X | | | |
| 280. | October 3, 2016 report of Mansour Mofidi | | | X | | | |
| 281. | October 12, 2016 report of Dr. Wayne Anderson | | | X | | | |
| 282. | October 28, 2016 report of Dr. Sanjeev Bhavnani | | | X | | | |
| 283. | December 2, 2016 report of Dr. Ziad Allos | | | X | | | |
| 284. | December 2, 2016 lumbosacral spine and right knee x-ray reports | | | X | | | |
| 285. | December 9, 2016 report of Dr. Wayne Anderson | | | X | | | |
| 286. | January 20, 2017 report of Dr. Wayne Anderson | | | X | | | |
| 287. | January 24, 2017 report of Dr. Wayne Anderson | | | X | | | |
| 288. | March 3, 2017 report of Dr. Ziad Allos | | | X | | | |
| 289. | March 10, 2017 report of Dr. Ziad Allos | | | X | | | |
| 290. | May 3, 2017 report of Dr. Wayne Anderson | | | X | | | |
| 291. | June 1, 2017 brain MRI report | | | X | | | |

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 292. | August 3, 2017 report of Dr. Ziad Allos | | | X | | | |
| 293. | August 9, 2017 report of Dr. Robert Sablove | | | X | | | |
| 294. | September 22, 2017 cervical spine x-ray report | | | X | | | |
| 295. | September 22, 2017 head CT report | | | X | | | |
| 296. | September 22, 2017 report of Dr. Cristopher Saucedo | | | X | | | |
| 297. | October 5, 2017 report of Dr. Denise Sulo | | | X | | | |
| 298. | October 30, 2017 report of Dr. Ziad Allos | | | X | | | |
| 299. | February 12, 2018 report of Dr. Ziad Allos | | | X | | | |
| 300. | July 9, 2018 report of Dr. Ziad Allos | | | X | | | |
| 301. | July 12, 2018 report of Dr. Sanjeev Bhavnani | | | X | | | |
| 302. | July 17, 2018 report of Dr. Robert Sarnoff | | | X | | | |
| 303. | July 24, 2018 report of Dr. Robert Sarnoff | | | X | | | |
| 304. | August 24, 2018 brain MRI report | | | X | | | |
| 305. | August 27, 2018 report of Dr. Chien Chen | | | X | | | |
| 306. | September 14, 2018 report of Dr. Chien Chen | | | X | | | |
| 307. | October 11, 2018 report of Dr. Sanjeev Bhavnani | | | X | | | |
| 308. | October 15, 2018 report of Dr. Perminder Parmar | | | X | | | |
| 309. | October 31, 2018 report of Dr. Anthony Novo | | | X | | | |
| 310. | December 31, 2018 report of Dr. Amdabi Chung | | | X | | | |
| 311. | January 9, 2019 report of Dr. Chien Chen | | | X | | | |

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 312. | January 17, 2019 brain MRI report | | | X | | | |
| 313. | January 18, 2019 to January 26, 2019 hospital admission reports | | | X | | | |
| 314. | January 18, 2019 head CT report | | | X | | | |
| 315. | January 21, 2019 head CT report | | | X | | | |
| 316. | January 23, 2019 head CT report | | | X | | | |
| 317. | January 24, 2019 head CT reports | | | X | | | |
| 318. | January 30, 2019 head CT report | | | X | | | |
| 319. | February 1, 2019 report of Dr. Alexa Smith | | | X | | | |
| 320. | February 5, 2019 report of Dr. Ziad Allos | | | X | | | |
| 321. | February 15, 2019 report of Dr. Michelle Van Noord | | | X | | | |
| 322. | February 20, 2019 report of Dr. Ziad Allos | | | X | | | |
| 323. | March 1, 2019 head CT report | | | X | | | |
| 324. | March 8, 2019 report of Dr. Alexa Smith | | | X | | | |
| 325. | March 20, 2019 report of Dr. Michelle Van Noord | | | X | | | |
| 326. | April 5, 2019 report of Dr. Michelle Van Noord | | | X | | | |
| 327. | May 1, 2019 report of Dr. Chien Chen | | | X | | | |
| 328. | June 1, 2019 head CT report | | | X | | | |
| 329. | June 13, 2019 report of Dr. Amdabi Chung | | | X | | | |
| 330. | July 26, 2019 report of Dr. Sanjeev Bhavnani | | | X | | | |
| 331. | August 10, 2019 chest CT report | | | X | | | |

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| # | Description | Admissibility Stipulated as Demonstrative Only | Admissibility Stipulated | Authenticity Stipulated, Admissibility Disputed | Authenticity and Admissibility Disputed | Objection | Admitted |
|---|---|---|---|---|---|---|---|
| 332. | August 12, 2019 report of Dr. Michelle Van Noord | | | X | | | |
| 333. | September 9, 2019 report of Dr. Ziad Allos | | | X | | | |
| 334. | October 9, 2019 report of Dr. Chien Chen | | | X | | | |
| 335. | December 5, 2019 telephone encounter with Pascale Fares, RN | | | X | | | |
| 336. | December 6, 2019 report of Dr. Amdabi Chung | | | X | | | |
| 337. | December 9, 2019 report of Christopher Saucedo | | | X | | | |
| 338. | December 9, 2019 head CT report | | | X | | | |
| 339. | December 9, 2019 brain MRI report | | | X | | | |
| 340. | December 26, 2019 telephone encounter | | | X | | | |
| 341. | January 20, 2020 report of Dr. Michelle Van Noord | | | X | | | |
| 342. | March 5, 2020 report of Dr. Ziad Allos | | | X | | | |
| 343. | Excerpts of Billing Records Obtained by Subpoena from SENTA Clinic | | | | | MIL | |
| 344. | Excerpts of Billing Records Obtained by Subpoena from Scripps Memorial Hospital | | | | | MIL | |
| 345. | Film Selections of Chitra Venkatasubramanian, M.B.B.S, M.D, MSc. | | x | | | | |
| 346. | Billing Chart | | | | | MIL | |
| 347. | HAL 0030 Eurodam Medical Center – Refund | | x | | | | |

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

(No party is required to list any exhibit which is listed by another party, or any exhibit to be used for impeachment only. See LCR 16 for further explanation of numbering of exhibits).

**Other Rulings**

1.    If a witness testifies live or via videoconference, the transcript of the witness's deposition may be used for impeachment purposes only, except that plaintiff's deposition may be used for any purpose.

2.    Each witness's testimony shall be taken in one session; after direct examination by the party calling the witness and cross-examination by the opposing party, the opposing party may then alert the Court that cross-examination has been completed and proceed to conduct any direct examination of the witness.

3.    Counsel shall meet and confer concerning the admissibility of exhibits and file an updated exhibit list.  Counsel shall email the Court's law clerk a copy of the exhibit list in either Word or Excel format.

4.    All exhibits as to which admissibility is stipulated will be admitted on the first day of trial.

5.    Written objections to the draft set of jury instructions circulated on September 11, 2020, remain due on Tuesday, September 22, 2020.


DATED this 21st day of September, 2020.

_____
Thomas S. Zilly
United States District Judge


FORM APPROVED:

*/s/ David P. Roosa*
_____
David P. Roosa, WSBA #45266
Kenneth R. Friedman, WSBA #17148
FRIEDMAN|RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
Telephone: (206) 501-4446
E-mail: droosa@friedmanrubin.com
          kfriedman@friedmanrubin.com
*Attorneys for Plaintiff*

Pre-Trial Order – Page 21
*Dallo  v. HAL, et al.,* Case No. 2:19-cv-00865-TSZ

FRIEDMAN | RUBIN
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

1

2

3    _/s/ Lisa M. Conner_____
     Lisa M. Conner, WSBA #51257

4    Melody C. Chang, WSBA #51612
     FLYNN, DELICH & WISE LLP

5    One Word Trade Center, Suite 1800
     Long Beach, CA 90831-1800

6    Telephone:  (562) 435-2626
     Email:  lisac@fdw-law.com

7             melodyc@fdw-law.com
     _Attorneys for Defendant_

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

FRIEDMAN | RUBIN
1109 – 1ST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446